TROY LAW, PLLC
Aaron B. Schweitzer
Tiffany Troy
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
Phone: (718) 762-1324
Fax: (718) 762-1342
troylaw@troypllc.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

------------------------------------------------------------------x

JIAJIA QIU
    a/k/a Jojo Qiu,
*on behalf of herself and others similarly situated,*
                           Plaintiff,

v.

LD NATURAL CARE INC
    d/b/a Minghui Massage Spa and
YAKUN LUAN,
                          Defendants.

------------------------------------------------------------------x

Case No. 24-cv-07988

**29 U.S.C. § 216(b) COLLECTIVE ACTION AND FED. R. CIV. P. 23 CLASS ACTION**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff JIAJIA QIU a/k/a Jojo Qiu (hereinafter "Qiu" or "Plaintiff"), on behalf of herself and others similarly situated, by and through her attorneys, Troy Law, PLLC, hereby brings this Complaint against Defendants LD NATURAL CARE INC d/b/a Minghui Massage Spa (hereinafter "Minghui" or "Corporate Defendant") and YAKUN LUAN (hereinafter "Luan" or "Individual Defendant") (Individual Defendant hereinafter collectively with Corporate Defendant, the "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of herself and other similarly situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, of its implementing regulations, 29 C.F.R. §§ 500 *et seq.*, of the New Jersey Wage

and Hour Law ("NJWHL"), N.J. Stat. §§ 34:11-56a *et seq.*, and of its implementing regulations, N.J. Admin. C. §§ 12:56 *et seq.*, arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and/or practices.

2.  Plaintiff alleges pursuant to FLSA that she is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages equal to her unpaid overtime wages or prejudgment and postjudgment interest, and (3) reasonable attorneys' fees and costs.

3.  Plaintiff further alleges pursuant to NJWHL that she is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages equal to twice her unpaid minimum wages and unpaid overtime wages, (4) prejudgment and postjudgment interest, and (5) reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

4.  This Court has subject-matter jurisdiction over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

5.  This Court has supplemental jurisdiction over Plaintiff's state-law claims under Section 1367, Subsection (a) of Title 28 of the United States Code.

6.  Venue is proper in the United States District Court for the District of New Jersey pursuant to Section 1391, Subsections (b) and (c) of Title 28 of the United States Code, because Defendants conduct business in the District of New Jersey, and because the acts and omissions giving rise to the claims alleged herein took place within the District of New Jersey.

## PLAINTIFF

7.  Defendants employed Qiu as a massage worker at Minghui, located at 842 State Road, #206, Princeton, NJ 08540 from about April, 2023 through on or about May 27, 2024, excepting approximately one (1) to two (2) months beginning in about August 2023, and

approximately one (1) to two (2) months beginning in about December 2023 and ending on or about February 13, 2024.

8. At all times relevant to this action, Qiu was an employee not exempt from receiving overtime under the FLSA and NJWHL.

## DEFENDANTS

**CORPORATE DEFENDANT**

9. Minghui is a domestic business corporation organized under the laws of the State of New Jersey with a registered address at 1672 State Route 27, 2nd Floor, Edison, NJ 08817 (upon information and belief, the principal place of business of its accountant and registered agent, PB & Tax Service, LLC) and a principal place of business located 842 State Road, #206, Princeton, NJ 08540 where it operates a massage spa.

10. Minghui has been at all times an employer engaged in commerce or in the production of goods for commerce within the meaning of FLSA.

11. At all relevant times, Minghui had annual gross sales in excess of five hundred thousand dollars ($500,000.00).

12. Experian records Minghui as having gross annual sales of one million seven hundred forty-four thousand dollars ($1,744,000.00).

13. At all relevant times, Minghui's employees, including Plaintiff, were engaged in commerce or in the production of goods for commerce, or handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce including but not limited to acupuncture equipment, massage supplies and equipment, and cleaning supplies.

**INDIVIDUAL DEFENDANT**

14. Luan is a natural person residing in Mercer County, New Jersey and doing business in the State of New Jersey, who incorporated Minghui, is a member of the Board of Directors of Minghui, and upon information and belief is a shareholder of Minghui.

15. Luan exercised sufficient control over Minghui's operations and Plaintiff's employment to be Plaintiff's employer under FLSA and NJWHL.

16. At all times material herein, Luan established and exercised authority regarding the pay practices and employee relations at Minghui.

17. Luan hired and fired employees, including Plaintiff, established and implemented pay practices, work assignments, and scheduling, controlled labor relations and personnel policies and practices, and maintained time and payroll records.

18. Luan assigned tasks to the employees, directed employees in their work, and disciplined employees.

19. Luan acted intentionally and maliciously and is an employer within the meaning of Section 203 Subsection (d) of the FLSA, Section 791.2 of Title 29 of the Code of Federal Regulations, and Section 34:11-56a1, Subsection (g) of the NJWHL, and is jointly and severally liable with the Corporate Defendants.

20. The enterprise Minghui, and the Individual Defendant, were joint employers of Plaintiff, sharing authority to hire and fire employees, including Plaintiff, authority to promulgate work rules and assignments to, and set conditions of employment (including but not limited to compensation, benefits, and hours) for, employees, including Plaintiff, day-to-day supervision and discipline of employees, including Plaintiff, and control of employees', including Plaintiff's, records.

**STATEMENT OF FACTS**

21. Defendants committed the following acts willfully, intentionally, and maliciously to subvert the wage-and-hour laws and deny Qiu and other employees their lawful pay.

22. Defendants employed Qiu as a massage worker at Minghui, located at 842 State Road, #206, Princeton, NJ 08540 from about April, 2023 through on or about May 27, 2024, excepting approximately one (1) to two (2) months beginning in about August 2023, and approximately one (1) to two (2) months beginning in about December 2023 and ending on or about February 13, 2024.

23. Qiu's primary duty as a massage worker was to give massages to customers.

24. At all times relevant to this action, Qiu was an employee not exempt from receiving overtime under the FLSA and NJWHL.

25. About sixty percent (60%) of Qiu's workweeks, she worked about seventy-three hours and fifty-three minutes (73.88 hours) over the course of six (6) days: from about 10:00 AM through about 10:00 PM three (3) days per week; from about 9:30 AM through about 10:00 PM one (1) or two (2) days (on average one and one-half (1.5) days) per week; and from about 10:00 AM through about 10:45 PM one (1) or two (2) days (on average one and one-half (1.5) days) per week.

26. About forty percent (40%) of Qiu's workweeks, she worked about eighty-five hours and fifty-three minutes (85.88 hours) over the course of seven (7) days: from about 10:00 AM through about 10:00 PM four (4) days per week; from about 9:30 AM through about 10:00 PM one (1) or two (2) days (on average one and one-half (1.5) days) per week; and from about 10:00 AM through about 10:45 PM one (1) or two (2) days (on average one and one-half (1.5) days) per week.

27. On average, Qiu worked about seventy-eight hours and forty-one minutes (78.68 hours) per week over the course of six and four tenths (6.4) days.

28. During the working day, Qiu had about ten (10) minutes each to eat two (2) meals, and did not have any other breaks. To be sure, Qiu would sometimes have to wait for work in between finishing with one of her customers and starting on her next, but she was not permitted to leave the shop and had to remain on call to work.

29. At all relevant times, Defendants failed to keep and maintain a time clock, sign-in sheet, or other record of Qiu's working time, and failed to keep and maintain or furnish on Qiu a true and accurate record of her hours worked as required by Section 516.2 of Title 29 of the Code of Federal Regulations or NJWHL Section 34:11-56a20.

30. Throughout her employment, Qiu was compensated entirely by commissions and tips, and was not paid a base salary or hourly wage.

31. While commissions would fluctuate based on customer traffic, and while they were typically higher on weekend days than on weekdays, on average, Qiu's commissions amounted to about one hundred dollars ($100.00) per day, or about six hundred forty dollars ($640.00) per week ($100.00/day * 6.4 days/week), or about eight dollars and thirteen cents ($8.13) per hour ($640.00/week / 78.68 hours/week).

32. Throughout her employment, Qiu's commissions per hour amounted to less than one and one-half the federal minimum wage of seven dollars twenty-five cents ($7.25) per hour ($8.13/hour < $7.25/hour * 1.5).

33. Throughout her employment in 2023, Qiu's commissions per hour amounted to less than the New Jersey minimum wage of fourteen dollars thirteen cents ($14.13) per hour ($8.13/hour < $14.13/hour).

34. Throughout her employment in 2023, Qiu's commissions per hour amounted to less than one and one-half times the New Jersey minimum wage of fourteen dollars thirteen cents ($14.13) per hour ($8.13/hour < $14.13/hour * 1.5).

35. Throughout her employment in 2024, Qiu's commissions per hour amounted to less than the New Jersey minimum wage of fifteen dollars thirteen cents ($15.13) per hour ($8.13/hour < $15.13/hour).

36. Throughout her employment in 2023, Qiu's commissions per hour amounted to less than one and one-half times the New Jersey minimum wage of fifteen dollars thirteen cents ($15.13) per hour ($8.13/hour < $15.13/hour * 1.5).

37. At no point during Qiu's employment did Defendants furnish Qiu with any notice, verbal, written, or otherwise, of their intent to apply a tip allowance to the New Jersey minimum wage, *i.e.*, that they intended to pay her less than the New Jersey minimum wage and to have her tips make up the difference between her commissions and the New Jersey minimum wage.

38. Defendants were not entitled to apply a tip allowance to Qiu's wage.

39. At all relevant times, Defendants failed to keep a full and accurate record of Qiu's pay, and failed to keep and maintain or furnish on Qiu a true and accurate record of her wages paid as required by Section 516.2 of Title 29 of the Code of Federal Regulations or NJWHL Section 34:11-56a20.

40. At all relevant times, Defendants knew that nonpayment of minimum wages and overtime wages would financially injure Plaintiff and violate state and federal laws.

41. At all relevant times, Defendants willfully failed to post notices required by Section 516.4 of Title 29 of the Code of Federal Regulations and Section 34:11-56a21 of the NJWHL at Minghui.

## COLLECTIVE ALLEGATIONS

42. Plaintiff brings this action individually and on behalf of all other current and former non-exempt workers employed by any of the Defendants over the three years preceding the filing of this Complaint, through entry of judgment in this case (the "Collective").

43. Upon information and belief, Minghui has approximately four (4) employees on its payroll at any one time.

## CLASS ALLEGATIONS

44. Plaintiff brings her state-law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all other current and former non-exempt workers employed by any of the Defendants over the six years preceding the filing of this Complaint, through entry of judgment in this case (the "Class").

45. The Class members are readily ascertainable. The Class members' number, names, addresses, positions held, hours assigned and worked, and rates of pay are determinable from Defendants' records. Notice can be provided by means permissible under Rule 23.

### NUMEROSITY

46. The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

47. Although the precise number of such persons is unknown, and the facts on which the calculation of the precise number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

### COMMONALITY

48. There are questions of law and fact common to the Class which predominate over any questions affecting individual members, including: (1) whether Defendants employed the Class members within the meaning of the NJWHL; (2) whether the Class members were paid less

than the minimum wage; (3) whether the Class members were paid for overtime hours at rates one and one-half times their regular rates; and (4) at what common rate, or rates subject to common method of calculation, were and are Defendants required to pay Class members?

**TYPICALITY**

49. Plaintiff's claims are typical of those claims which could be alleged by any Class member, and the relief sought is typical of the relief that would be sought by any Class member in a separate action.

50. All the Class members were subject to the same policy and practice of denying minimum wage and overtime.

51. Defendants' policy and practice affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member.

52. Plaintiff and the other Class members sustained similar losses, injuries, and damages arising from the same unlawful policy and practice.

**ADEQUACY**

53. Plaintiff is fairly and adequately able to protect the interests of the Class and has no interests antagonistic to the Class.

54. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class actions and wage-and-hour employment litigations.

**SUPERIORITY**

55. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

56. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

57. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

58. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

59. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

60. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

61. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL.

62. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

63. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

64. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## CAUSES OF ACTION

### COUNT I.
### Violation of FLSA—Nonpayment of Overtime Wages
### Brought on Behalf of the Plaintiff and the Collective

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66. Section 207, Subsection (a), Paragraph (1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

67. Throughout Plaintiff's employment, her commissions per hour did not amount to more than one and one-half times the FLSA minimum wage of seven dollars twenty-five cents ($7.25) per hour.

68. Plaintiff was not exempt from the provisions of Section 207 of the FLSA under any of the categories delineated in Section 213 of the FLSA.

69. Plaintiff was not exempt from the provisions of Section 207 of the FLSA as a commissioned worker, as throughout her employment, her commissions per hour did not amount to more than one and one-half times the FLSA minimum wage of seven dollars twenty-five cents ($7.25) per hour, or one and one-half times her regular hourly wage (which, because it is derived by dividing Plaintiff's weekly commissions by her weekly hours worked, was necessarily paid for each hour Plaintiff worked).

70. Defendants may not credit any of Plaintiff's tips to her overtime premium.

71. Section 216, Subsection (b) of the FLSA provides that "[a]ny employer who violates the provisions of section 207… of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

72. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by denying Plaintiff overtime pay.

## COUNT II.
### Violation of NJWHL—Nonpayment of Minimum Wages
### Brought on Behalf of the Plaintiff and the Class

73. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. Section 34:11-56a4, Subsection (a) of the NJWHL provides that "each employer shall pay to each of his employees wages at a rate of not less than $8.85 per hour as of January 1, 2019 and, on January 1 of 2020 and January 1 of each subsequent year, the minimum wage shall be increased by any increase in the consumer price index for all urban wage earners and clerical

workers (CPI-W) as calculated by the federal government for the 12 months prior to the September 30 preceding that January 1, except that any of the following rates shall apply if it exceeds the rate determined in accordance with the applicable increase in the CPI-W for the indicated year: on July 1, 2019, the minimum wage shall be $10.00 per hour; on January 1, 2020, the minimum wage shall be $11.00 per hour; and on January 1 of each year from 2021 to 2024, inclusive, the minimum wage shall be increased from the rate of the preceding year by $1.00 per hour."

75. Between October 1, 2021 and September 30, 2022, the CPI-W exceeded fourteen dollars ($14.00) per hour and accordingly the New Jersey minimum wage for 2023 was set to fourteen dollars and thirteen cents ($14.13) per hour.

76. Between October 1, 2022 and September 30, 2023, the CPI-W exceeded fifteen dollars ($15.00) per hour and accordingly the New Jersey minimum wage for 2024 was set to fifteen dollars and thirteen cents ($15.13) per hour.

77. Throughout her employment, Plaintiff's regular hourly wage, calculated by dividing her weekly commission by her weekly hours worked, amounted to less than the New Jersey minimum wage.

78. Section 34:11-56a25 of the NJWHL provides that "[i]f any employee is paid by an employer less than the minimum fair wage to which such employee is entitled under the provisions of [Section 34:11-56a *et seq.*]… the employee may recover in a civil action the full amount of that minimum wage less any amount actually paid to him or her by the employer… and an additional amount equal to not more than 200 percent of the amount of the unpaid minimum wages… plus costs and reasonable attorney's fees as determined by the court."

79. Defendants knowingly, willfully, and maliciously disregarded the provisions of the NJWHL by failing to pay Plaintiff at least the minimum wage.

## COUNT III.
### Violation of NJWHL—Nonpayment of Overtime Wages
### Brought on Behalf of the Plaintiff and the Class

80. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81. Section 34:11-56a4, Subsection (b), Paragraph (1) of the NJWHL provides that "[a]n employer shall also pay each employee not less than 1 1/2 times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week [subject to various exemptions]."

82. At no time was Plaintiff an exempt employee.

83. In particular, Plaintiff was not exempt as a commissioned worker, as throughout her employment, her commissions per hour did not amount to more than one and one-half times the New Jersey minimum wage.

84. Throughout Plaintiff's employment, her commissions per hour did not amount to more than one and one-half times the New Jersey minimum wage, or one and one-half times her regular hourly wage (which, because it is derived by dividing Plaintiff's weekly commissions by her weekly hours worked, was necessarily paid for each hour Plaintiff worked).

85. Defendants may not credit any of Plaintiff's tips to her overtime premium.

86. Section 34:11-56a25 of the NJWHL provides that "[i]f any employee is paid by an employer less than the minimum fair wage to which such employee is entitled under the provisions of [Section 34:11-56a *et seq.*]… the employee may recover in a civil action the full amount of that minimum wage less any amount actually paid to him or her by the employer… and an additional amount equal to not more than 200 percent of the amount of the unpaid minimum wages… plus costs and reasonable attorney's fees as determined by the court."

87. Defendants knowingly, willfully, and maliciously disregarded the provisions of the NJWHL by failing to pay Plaintiff her overtime wage.

## JURY DEMAND

88. Plaintiff demands a trial by jury on all matters so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the Collective and Class, respectfully requests that this Court enter a judgment providing the following relief:

A. At the earliest practicable time giving notice of this collective action, or authorizing Plaintiff to give notice of this collective action, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of the notice's issuance, been employed by Defendants in non-exempt positions. Such notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they were denied minimum wage or overtime pay;

B. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

C. An injunction against Corporate Defendant, its owners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

D. An award of unpaid overtime, and either liquidated damages equal to unpaid overtime or prejudgment interest on unpaid overtime, due to Plaintiff and any opt-ins under FLSA;

E. An award of unpaid minimum wages, and liquidated damages equal to twice unpaid minimum wages, and prejudgment interest on unpaid minimum wages, due to Plaintiff and the Class under NJWHL;

F. An award of unpaid overtime, and liquidated damages equal to twice unpaid overtime, and prejudgment interest on unpaid overtime, due to Plaintiff and the Class under NJWHL;

G. An award of reasonable attorneys' fees and costs; and

H. Any such other and further legal or equitable relief as the Court may deem necessary, just, and proper.

Dated: Flushing, NY
July 24, 2024

TROY LAW, PLLC

 /s/ Aaron B. Schweitzer
Aaron B. Schweitzer
Tiffany Troy
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiff, proposed FLSA Collective, and potential Rule 23 Class*