UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHAMBERS OF
RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER BLDG. &
U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, NJ 08608

August 22, 2025

**LETTER ORDER**

Re:   Jiajia Qiu et al. v. J & C Natural Care et al.
      Civil Action No. 24-7988 (MAS) (RLS)

Dear Counsel,

Currently pending before the Court is a Motion filed by the law firm Troy Law, PLLC ("the Firm") for Leave to Withdraw as Counsel for Plaintiff Ruiyu Chen ("Chen") (the "Motion").[1] (Doc. No. 38). No opposition to the Motion has been filed. For the reasons set forth herein, the Court **GRANTS** the Firm's Motion.

Local Civil Rule 102.1 provides that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." L. Civ. R. 102.1. However, New Jersey Rule of Professional Conduct ("RPC") 1.16(b) permits an attorney to withdraw from representing a client if good cause exists to show that:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the

---

[1] The Firm currently represents both Chen and Plaintiff Jiajia Qiu (collectively, "Plaintiffs"). The Firm seeks to withdraw as counsel for only Chen. (*See* Doc. No. 38).

1

> representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good causes shown for withdrawal exists.

N.J. Rules of Prof'l Conduct R. 1.16(b); *see also Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 422 (D.N.J. 1993).

Even if counsel seeking to withdraw demonstrates "good cause" as defined in RPC 1.16(b), a decision with respect to withdrawal remains entirely within the discretion of the Court. N.J. Rules of Prof'l Conduct R. 1.16(c); *see also Haines*, 814 F. Supp. at 422 (finding that RPC 1.16(c) "provides that withdrawal is entirely within the discretion of the court and a court may refuse to allow withdrawal despite a showing of good cause"). Following a finding of good cause for withdrawal, the Court should also consider: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay the resolution of the case." *Haines*, 814 F. Supp. at 423; *accord U.S. ex rel., Cherry Hill Convalescent Ctr. v. Healthcare Rehab. Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Here, the Firm submits the Declaration of Aaron B. Schweitzer, Esq., counsel of record for Plaintiffs. (*See* Doc. No. 38-1). Mr. Schweitzer avers that "[t]here has been a breakdown in communication and cooperation of" Chen, who has not returned calls, messages, and emails from the Firm. (Doc. No. 38-1 at ¶¶ 7-17). He also states that he had notified Chen that, absent a response from her, the Firm would seek to withdraw as her counsel. (Doc. No. 38-1 at ¶ 16; Doc. No. 38-2). Yet, Plaintiff failed to respond. (Doc. No. 38-1 at ¶ 17). Mr. Schweitzer further asserts that, due to Chen's failure to communicate, the Firm cannot continue representing her. (Doc. No. 38-1 at ¶¶ 7, 18).

Under these uncontested facts, the Court finds good cause exists to relieve the Firm as counsel for Chen. The Court considers the stage of this case and the potential burden on the Firm in having to proceed representing a client who does not communicate or respond to counsel. Indeed, it is clear there has been a breakdown in the relationship between the Firm and Chen. Further, the parties will not suffer undue prejudice from the Court allowing the Firm to withdraw as counsel. *See Buschmeier*, 222 F. App'x at 163 (citation omitted). Accordingly, for the reasons discussed above, the Court finds good cause to grant the Motion to Withdraw.

Therefore, for good cause shown,

**IT IS** on this **22d** day of **August 2025**,

**ORDERED** that Troy Law, PLLC's Motion for Leave to Withdraw as Counsel for Plaintiff Ruiyu Chen is hereby **GRANTED**; and it is further

**ORDERED** that Troy Law, PLLC is hereby relieved as counsel for Plaintiff Ruiyu Chen only. The Firm shall continue its representation of Plaintiff Jiajia Qiu; and it is further

**ORDERED** that Troy Law, PLLC shall serve a copy of this Order on Plaintiff Ruiyu Chen by no later than **August 29, 2025**; and it is further

**ORDERED** that Troy Law, PLLC must advise Plaintiff Ruiyu Chen that she must have new counsel enter their appearance on her behalf or notify the Court sif he intends to proceed *pro se* by no later than **September 29, 2025**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 38.

**SO ORDERED.**

_____
RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE